[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
This appeal was brought by Albert J. Fitzgibbons, III against the Town of Stonington (the "Town") to challenge the tax assessment placed by the Town on certain real property owned by the plaintiff located at 199 Wamphassic Road, Stonington, Connecticut (the "property"). This tax assessment set forth an assessed value, as of October 1, 1994, of $602,200 for the property, said figure representing 70% of its alleged fair market value as of that date, which would thereby be $862,379. The plaintiff claims that the $862,379 figure is excessive, disproportionate and unlawful and in no way reflective of its fair market value as of October 1, 1994. CT Page 8553
The property was sold for $610,000 on December 20, 1994.
The issue on appeal is whether the Town's assessment accurately represented "the fair market value of the property and not its value at a forced or auction sale." Conn. Gen. Stat. § 12-63.
Discussion
Under Connecticut General Statutes § 12-63, a town is required to base its tax assessment of a property on its "present true and actual price" which is "the fair market value thereof and not its value at a forced or auction sale." Conn. Gen. Stat. § 12-63. Fair market value has been characterized as "the price that would probably result from fair negotiations between a willing seller and a willing buyer."Connecticut Printers, Inc. v. Redevelopment Agency, 159 Conn. 407,410 (1970); see also Decameron Holdings Ltd. v. Board of TaxReview, 1993 WL 256202 at p. 4 (1993) (citing ConnecticutPrinters). In the instant case, there is no issue as to "probability" as there is an actual sale price for the subject property, $610,000.
The court has reviewed the testimony of James Michalove, a real estate broker. He testified that the property was on the market for six years. The asking price was reduced several times. The only offer in excess of $600,000 was that of the plaintiff. At that time the asking price was $695,000.
Michalove also testified that the property was marketed "in the way of ordinary business," not as a forced sale. There was no evidence of any offer above the actual price during the six years the property was on the market.
The defendant Town claims that the sale was not an arms length transaction because the property was sold nine days before a foreclosure law date of December 29, 1996. The seller, William Abrams, had an IRS lien on the property and had past due real estate taxes.
The court is not persuaded that this was a forced sale. The evidence of the agent, Michalove, and of the seller, do not reflect a forced sale. The court finds that the purchase price of $610,000 to be the best evidence of the "fair market value" of the property. The lis pendens was filed on April 11, 1994. The CT Page 8554 property had been listed at $695,000 for six months prior to the sale. Fifteen people viewed the property when the price was $695,000. Three made offers. The highest was that of the plaintiff at $610,000. This was the only offer made over the six year period that the property was listed for sale.
The plaintiff next claims that his appraiser, F. Jerome Silverstein, valued the property at $620,000. He based his appraisal on comparable non-waterfront properties to arrive at that figure. He also was strongly influenced by the actual sale price of $610,000. The subject property was not waterfront property. Silverstein testified that a waterfront lot in this area of Stonington would be worth $600,000 and a non-waterfront would be worth $300,000.
The Town argues that even if this property was not waterfront, there was water access and a water view. This is not the same as a waterfront lot in the court's opinion. The Town's appraiser Eugenia Flynn used three waterfront properties as comparables. The court finds that the nonwaterfront properties used by Silverstein to be more reliable comparables that the waterfront properties used by Flynn.
Conclusion
The court finds that the actual purchase price of $610,000 to be the "fair market value" of the property. The court finds the Town's evaluation of $862,397 to be substantially overvalued. The plaintiff has sustained his burden of proof that the property was "substantially overvalued." The court, therefore, finds in favor of the plaintiff and rules that the assessment be reduced to 70% of $610,000 or $427,000.
Hurley, J.